# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ELIJAH HAWTHORNE (#356896)**  CIVIL ACTION

**VERSUS**

**WARDEN BURL CAIN, ET AL.**  NO. 10-0528-BAJ-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 7, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ELIJAH HAWTHORNE (#356896)                                 CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                                  NO. 10-0528-BAJ-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This matter comes before the Court on the defendant's Motion to Dismiss, rec.doc.no. 24. This motion is opposed.

      The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Ass't. Warden Troy Poret, complaining that his constitutional rights were violated between November 24, 2009, and January 19, 2010, during which time he was allegedly subjected to unconstitutional conditions of confinement because the toilet in his cell leaked and caused human waste to flood his cell on a regular basis. In addition, the plaintiff complains that on January 19, 2010, he sustained injury when he tried to climb into the upper bunk in his cell and his foot slipped due to the absence of a ladder and due to the slippery conditions caused by the referenced leaking toilet.

      Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ____ U.S. ____, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See

also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff alleges that on November 24, 2009, he was placed in a cell at LSP which contained a leaking toilet. He asserts that every time the co-inmate in an adjacent cell flushed the toilet, bodily wastes came up into the plaintiff's cell and accumulated on the floor. The plaintiff reported this problem to "every staff member that came by [his] cell", including defendant Poret, and was told that the problem would be fixed. Notwithstanding, the condition persisted for approximately two months, and the plaintiff was never provided with a mop to clean his cell, but was only provided with "dirty jumpsuits to pick up the water." Finally, on January 19, 2010, the plaintiff

sustained a slip and fall as he was trying to climb into the top bunk in his cell. According to the plaintiff, the cell was not equipped with a ladder to access the top bunk, and he slipped because his feet were wet due to the referenced leaky toilet. The plaintiff asserts that he sought emergency medical attention at that time and was told at the prison infirmary that he would be seen by a physician, but this had not occurred at the time that he filed his lawsuit in August, 2010.

Initially, the defendants correctly point out that it is unclear from the allegations of the plaintiff's Complaint whether he has sued the defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. In Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity claims and made clear that a claim asserted against a state official in his official capacity for monetary damages is treated as a claim against the state and is therefore barred by the Eleventh Amendment. Accordingly, the defendants' motion is well-taken with respect to the plaintiff's claim for monetary damages asserted against the defendants in their official capacities, and this claim is subject to dismissal for this reason. That being stated, the plaintiff has also named the defendants in their individual capacities, and a suit against a state official in his individual capacity, seeking monetary damages and seeking to impose individual liability against a government official for actions taken by the official under color of state law, is not treated as a suit against the state. Hafer v. Melo, supra. Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is sufficient to establish personal liability in a § 1983 lawsuit.[1] For this reason, the defendants' Motion to Dismiss may not be granted as to the plaintiff's claims asserted

---

[1] Further, a state official, when sued for injunctive and/or declaratory relief, is not a prohibited defendant because official capacity actions for equitable relief are not treated as actions against the state. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). See also 15 Am.Jur.2d Civil Rights § 101.

against the defendants in their individual capacities.

The defendants next assert that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that they participated in any violation of his constitutional rights.[2]

Undertaking the Saucier analysis, the Court concludes, with one exception as hereafter noted, that the defendants' motion should be granted and that the plaintiff's allegations fail to overcome the assertion of qualified immunity.

First, the defendants contend that the plaintiff has failed to allege sufficient personal

---

[2] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

participation by them in any violation of the plaintiff's constitutional rights.  In this respect, pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been either personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983).  Any allegation that the defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  Lozano v. Smith, supra.

Applying this standard in connection with the plaintiff's claims, the Court concludes that the defendants' motion is well-founded, but only in part.  First, with regard to the plaintiff's claim that he was denied medical care after the accident of January 19, 2010, during which he allegedly fell from his bunk, he makes no assertion that either defendant Cain or defendant Poret had any direct or personal involvement with his medical care or treatment.  See Thompson v. Steele, 709 F.2d 381 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983) ("Personal involvement is an essential element of a civil rights cause of action.").  As Head Warden at LSP and Assistant Warden in charge of Camp D at LSP, respectively, these defendants do not provide medical attention to inmates at LSP.  Instead, such attention is provided by the prison medical department and by LSP health care workers, none of whom have been named as defendants herein.  And even if the plaintiff were to assert that the defendants were placed on notice of the plaintiff's claim of a denial of medical treatment through one or more of his administrative grievances, the law is clear that a mere failure to adequately investigate or respond to an inmate's administrative grievance is not a constitutional violation and does not lead to a conclusion that the defendants were personally

involved in the constitutional violation alleged.  See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005) (finding no due process violation in the failure of prison officials to investigate or respond favorably to an inmate's administrative claim).  See also Anderson v. Pratt, 2002 WL 1159980 (N.D. Tex., May 29, 2002) (finding that the warden's review and denial of an inmate's grievance did not establish personal involvement on the part of the warden in the alleged deprivation of the inmate's constitutional rights).  Accordingly, there is clearly no basis for the imposition of liability against defendants Cain or Poret with respect to the plaintiff's claims of a denial of medical treatment on January 19, 2010 or thereafter.

Nor may the defendants be found liable in connection with the plaintiff's claim that his constitutional rights were violated because the top bunk in his cell was not equipped with a ladder or other safe means of access.  In this regard, the United States Constitution imposes upon prison officials only minimal requirements in the treatment and facilities which they provide to prisoners. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  A constitutional violation occurs only when two requirements are met.  First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need."  Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994), citing Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  Second, under a subjective standard, the Court must determine whether the prison official responsible for the deprivation was "'deliberately indifferent' to inmate health or safety". Farmer v. Brennan, supra (the official must both be aware of facts from which the inference may be drawn that substantial risk of serious harm exists, and he must also draw the inference).  The deliberate indifference standard may appropriately be applied to the plaintiff's allegations regarding the conditions of his confinement.  Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995); Wilson v. Seiter, supra.

In the instant case, there is no indication that, by failing to provide ladder-access to the plaintiff's top bunk, the defendants have been deliberately indifferent to his health or safety or have

deprived him of any basic human need.  The most which the plaintiff has alleged is that, because of the absence of a ladder, he was required to utilize his locker box as a means of accessing the top bunk.  In the Court's view, however, the failure of prison officials to equip the plaintiff's bunk with a ladder simply does not amount to the deprivation of "a minimal civilized measure of life's necessities."  See, e.g., Armstrong v. Terrebonne Parish Sheriff, 2006 WL 1968887 (E.D. La., June 6, 2006) (holding that the United States Constitution does not require ladders for bunk beds and that, where there was a swivel chair and table to step on, there was "[a] reasonable means of getting into the top bunk, if the inmate would have taken reasonable care for his own safety)".  See also Connolly v. County of Suffolk, 533 F.Supp.2d 236 (D. Mass. 2008) (absence of ladders for bunk beds did not amount to the deprivation of a "minimal civilized measure of life's necessities"); Wilson v. State, 2002 WL 31499736 (W.D. Va., May 6, 2002) (holding that, notwithstanding plaintiff's diagnosed knee condition and complaint of prior falls, "the lack of ladders ... in the jail cells does not constitute a dangerous condition in and of itself").  Moreover, this condition may not reasonably be characterized as a deliberate deprivation of a single identifiable human need, or as a condition which placed the plaintiff's health or welfare in imminent danger of which the defendants were aware yet ignored.  Farmer v. Brennan, supra.  Therefore, in the absence of any allegation of knowledge or awareness on the defendants' part that the plaintiff was unable to safely access his top bunk through the use of reasonable care, his claim in this regard sounds more in the nature of a claim of negligence which is not actionable under § 1983.  Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).  For this reason, the plaintiff fails to state a claim of constitutional dimension in connection with this claim, and the motion to dismiss should be granted relative thereto.

Turning to the plaintiff's claim that his constitutional rights were violated because of his exposure to a leaking toilet in his cell for almost two months, the Court first finds that defendant Cain is entitled to dismissal of this claim.  As previously noted, in order for there to be liability under § 1983, the plaintiff must allege personal involvement by the defendant in the constitutional violation

alleged. Lozano v. Smith, supra. Other than in the Caption of the Complaint, however, and in the list of defendants, the plaintiff makes no mention of defendant Cain and makes no factual assertion whatever that defendant Cain had any direct or personal involvement in the events complained of.[3] Specifically, the plaintiff makes no assertion that he ever directly contacted defendant Cain to advise the defendant of the conditions existing in his cell, or that defendant Cain was otherwise subjectively aware of the leaking toilet. As Warden at LSP, it is clear that defendant Cain stands principally in a supervisory role with regard to the operation of the prison and its personnel. Accordingly, in the absence of any suggestion in the record that defendant Cain was personally aware of the conditions to which the plaintiff was subjected between November, 2009 and January, 2010, there can be no liability on the part of defendant Cain.

Notwithstanding the foregoing, the Court concludes, with respect to defendant Poret, that a different conclusion is warranted at this stage of the proceedings. The plaintiff alleges that for approximately two months, he was forced to live in a cell which was daily overrun by a toilet which leaked human waste into his environment. In Gates v. Cook, 376 F.3d 323 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit noted that "filthy cell conditions may constitute an Eighth Amendment violation", and upheld an injunction which required prison officials to eradicate a problem described as "ping-pong" toilets, whereby bodily wastes from toilets flushed in one cell would "bubble up" in the toilets of adjoining cells. Whereas exposure to such conditions for periods of several days have not been found to present a constitutional violation, see Alexander v. Tippah County, Miss., 351 F.3d 626 (5th Cir. 2003), cert. denied, 541 U.S. 1012, 124 s.Ct. 2071, 158 L.Ed.2d 623 (2004) (no violation where inmates remained in filthy cell for 24 hours); Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998) (no violation where inmate remained in filthy cell for three days and was provided with cleaning supplies), exposure to harsh conditions for as little as seventeen (17)

---

[3] Although the plaintiff asserts in his Complaint that defendant Cain, as the Head Warden at LSP, "is legally responsible for the operation of [the prison] and for the welfare of all the inmate of that prison", this is an assertion of mere supervisory authority for which there is no liability under § 1983.

hours has been found to present a constitutional violation, see Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999) (inmates forced to remain outdoors overnight in cold windy conditions without adequate clothing and without access to bathroom facilities). In other words, the period of time that an inmate plaintiff is subjected to unsanitary and potentially health-injurious conditions must be taken into account, and a filthy cell "might be tolerable for a few days and intolerably cruel for weeks or months." See Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). In the instant case, the plaintiff was forced to live in a cell with a toilet which allegedly leaked and overflowed with human waste from an adjoining cell for approximately two months. Further, the plaintiff alleges that he reported these conditions directly to defendant Poret when defendant Poret visited the cell tier, and that nothing was done to address this problem. Based on these allegations, the Court finds that the plaintiff has adequately stated a claim of the potential violation of his constitutional rights by defendant Poret. While evidence presented in connection with a motion for summary judgment may show that the conditions to which the plaintiff was subjected were not so extreme as he asserts or that defendant Poret was not deliberately indifferent to a subjectively perceived risk of harm to the plaintiff's health or safety, the Court is unable to make these determinations in the absence of an evidentiary showing on motion for summary judgment.

Finally, the defendants assert in their motion that the plaintiff is precluded from recovering monetary damages in this case because he has failed to sufficiently allege a physical injury resulting from the alleged unsanitary conditions to which he was subjected. In this regard, 42 U.S.C. § 1997e(e) provides that an inmate may not recover monetary damages for mental or emotional suffering in the absence of a showing of physical injury. While the Court agrees with the defendants that any injuries sustained by the plaintiff in the slip and fall incident of January 19, 2010, may not fairly be attributed to the leaking toilet – because the plaintiff's fall on that date was neither a likely nor foreseeable consequence of exposure to bodily waste in his cell and because there is no suggestion in the record that the defendants were subjectively aware that the plaintiff was unable to access his upper bunk through the exercise of reasonable care – the plaintiff has now alleged,

in his opposition to the defendants' motion, that because of his exposure to human waste in his cell for almost two months, he now suffers with a foot ailment caused by the referenced exposure, that he now takes medicine to help him breath, and that he has vomited a lot since the referenced exposure.[4]  The Court finds that these allegations are sufficient to overcome the statutory bar at this stage of the proceedings.  Further, and in any event, the plaintiff is not precluded from the recovery of nominal or punitive damages in the event that he establishes a violation of his constitutional rights.  Hutchins v. McDaniels, 512 F.3d 193 (5th Cir. 2007).  As to whether the plaintiff will be able to show the requisite "evil intent" or "reckless or callous indifference" which is necessary for the recovery of punitive damages, see Williams v. Kaufman County, 352 F.3d 994 (5th Cir. 2003), the Court finds that this issue as well is better addressed in a subsequent motion for summary judgment.

### RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss, rec.doc.no. 24, be granted in part, dismissing the plaintiff's claims asserted against defendant Burl Cain, with prejudice, and dismissing all of the plaintiff's claims asserted against defendant Troy Poret except the plaintiff's claim, asserted against the defendant in the defendant's individual capacity, resulting from the plaintiff's alleged exposure to unconstitutional conditions of confinement between November 24, 2009 and January 19, 2010, in the form of an unsanitary leaking toilet.  It is further recommended that this action be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on June 7, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[4]  Pursuant to Howard v. King, 707 F.2d 215 (5th Cir. 1983), this Court is directed to look beyond an inmate's formal complaint and "consider as amendments to the complaint those materials subsequently filed."  Citing McGruder v. Phelps, 608 F.2d 1023 (5th Cir. 1979).