# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ELIJAH HAWTHORNE (#356896)**            **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN, ET AL.**            **NO. 10-0528-BAJ-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 23, 2012.

                                                    **MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ELIJAH HAWTHORNE (#356896)**                                     **CIVIL ACTION**

**VERSUS**

**WARDEN BURL CAIN, ET AL.**                                        **NO. 10-0528-BAJ-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the parties' cross-motions for summary judgment, rec.doc.nos. 45 and 50.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and Ass't. Warden Troy Poret, complaining that his constitutional rights were violated during a two-month period, between November 24, 2009, and January 19, 2010, during which time he was allegedly subjected to unconstitutional conditions of confinement because the toilet in his cell leaked and caused human waste to flood his cell. In addition, the plaintiff complained that on January 19, 2010, he sustained injury when he tried to climb into the upper bunk in his cell, and his foot slipped due to the absence of a ladder and due to the slippery conditions caused by the leaking toilet. Pursuant to earlier Magistrate Judge's Report in this case, approved by the District Judge on July 20, 2011, see rec.doc.nos. 41 and 46, the plaintiff's claims asserted against defendant Cain have been dismissed, as have the plaintiff's claims asserted against defendant Poret except the plaintiff's claim that defendant Poret, in his individual capacity, subjected the plaintiff to unconstitutional conditions of confinement due to the leaking toilet which allegedly caused human waste to flood the plaintiff's cell.

The plaintiff moves for summary judgment, relying upon the pleadings, his own affidavit, and the sworn statements of co-inmates Burt Stockstill, Bryan Cole and Terry Cooksey.

The defendant moves for summary judgment, relying upon the pleadings, a Statement of

Undisputed Facts, a certified copy of the plaintiff's administrative remedy proceedings, certified copies of the Daily Shower and Yard Roster Reports for the plaintiff's cell tier between November 1, 2009, and January 31, 2010 (filed under seal), certified copies of the Daily Unit Search/Inspection Reports for the plaintiff's cell tier between November 18, 2009 and January 31, 2010 (filed under seal), and the affidavit of defendant Troy Poret.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, supra. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. Little, supra, 37 F.3d at 1076. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

In his Complaint, the plaintiff alleges that on November 24, 2009, he was placed in a cell at LSP which contained a leaking toilet. He asserts that every time the co-inmate in an adjacent cell

flushed the toilet, bodily wastes came up into the plaintiff's cell and accumulated on the floor. The plaintiff allegedly reported this problem to "every staff member that came by [his] cell", including defendant Poret, and was told that the problem would be fixed. Notwithstanding, the condition persisted for approximately two months, and the plaintiff was never provided with a mop or cleaning supplies to clean his cell. Instead, he was allegedly provided only "dirty jumpsuits to pick up the water."

In response to the plaintiff's contentions, the defendant first asserts that the plaintiff has failed to exhaust administrative remedies relative to his claim regarding exposure to bodily wastes. This contention appears to have merit. Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to commencing a lawsuit in federal court relative to prison conditions. This provision is mandatory and applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). Further, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The primary purpose of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'". Johnson v. Johnson, supra.

In the plaintiff's administrative grievance, filed on February 2, 2010, the plaintiff complained that the toilet in his cell had leaked since he was placed in it, and that "water was and still is coming out from under it." The plaintiff asserts that he "talked with all the authorized officers" on the cell tier about this problem. Even if this generalized assertion were found sufficient to raise an administrative claim relative to defendant Poret, the Court finds that the substance of the administrative grievance itself is not sufficiently clear about the nature of the problem that the plaintiff

faced. Specifically, the plaintiff complains principally in the grievance of the fall that he suffered on January 19, 2010, and complains of the "water leaking from under the toilet" as being the cause of the fall. Although he asserts that this created an "unsafe" condition, there is no mention in the grievance of exposure to human waste, of exposure to noxious fumes or intolerable smells, of waste water overflowing the toilet, of any connection between the leaking water and the toilet being flushed in an adjoining cell, of the lack of cleaning supplies, or of any adverse health consequences resulting from his exposure to the waste water. In the Court's view, there is a qualitative difference between exposure to a toilet which merely leaks water from its base – which is all that the plaintiff appears to complain of in his grievance – and exposure to a toilet which leaks human waste and overflows with same every time an inmate in an adjoining cell flushes. Cf., Williams v. Jones, 1993 WL 82332 (5th Cir., March 18, 1993) (finding no liability where merely clean water was leaking from cell toilet for a period of several months). Inasmuch as the latter claim does not appear to be asserted in the plaintiff's grievance, the Court agrees with the defendant that the plaintiff has failed to exhaust administrative remedies relative to that claim.

Further, in the alternative, the Court finds that the plaintiff's claim of exposure to unconstitutional conditions of confinement fails as a matter of substantive law. In this regard, the United States Constitution imposes upon prison officials only minimal requirements in the treatment and facilities which they provide to prisoners. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994), citing Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Second, under a subjective standard, the Court must determine whether the prison official responsible for the deprivation was "'deliberately indifferent' to inmate health or safety". Farmer v. Brennan, supra (the official must both be aware of facts from which the inference may be drawn that substantial risk of serious harm exists,

and he must also draw the inference). The deliberate indifference standard appropriately applies to the plaintiff's allegations regarding the conditions of his confinement. Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995); Wilson v. Seiter, supra. In addition, the United States Court of Appeals for the Fifth Circuit has noted that "filthy cell conditions may constitute an Eighth Amendment violation", such as where inmates are exposed to "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls," or "ping-pong" toilets, i.e., toilets from which bodily wastes "bubble up" when a toilet in an adjoining cell is flushed. Gates v. Cook, 376 F.3d 323 (5th Cir. 2004). The length and degree of exposure, however, cannot be ignored; filthy conditions "might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).

Applying the foregoing standard, the Court concludes that the plaintiff has failed to establish that he was subjected to unconditional conditions of confinement during the two-month period between November 24, 2009, and January 19, 2010. While there may be a question in this case whether the toilet in the plaintiff's cell leaked water on one or more occasions, the presence of mere water would not be sufficient to subject the defendant to liability, because such a condition does not amount to an unconstitutional condition of confinement. See Williams v. Jones, supra (holding that a claim of mere water leaking from a cell toilet for a period of several months was not actionable). See also McLaughlin v. Farries, 122 Fed.Appx. 692 (5th Cir. 2004) (holding that a claim of water accumulating on the floor of an inmate's cell from a leaky air conditioner was not actionable under § 1983); Marsh v. Jones, 53 F.3d 707 (5th Cir. 1995) (same); Nicholas v. Gusman, 2011 WL 6942268 (E.D. La., Dec. 14, 2011) (denying claim as frivolous where inmate complained of leaking toilet in cell for five months which "caused bacteria to form"). And with regard to the plaintiff's claim regarding exposure to human waste and intolerable smells, this claim is not supported by any credible evidence in the record. As previously noted, although the plaintiff asserts that he made numerous verbal complaints to security officers about this purported problem, this assertion is belied by the fact that he did not file a grievance relative thereto during the entirety of the two month period,

and did not do so, in fact, until he sustained a fall and injury in his cell on January 19, 2010. And when he did file a grievance, on February 2, 2010, he made no reference therein to exposure to human waste and intolerable smells and only referred to water leaking from under the toilet. Presumably, the plaintiff would have made reference to being exposed to overflowing human waste and intolerable smells had these been an issue at that time. In addition, the plaintiff made no reference in his grievance to the defendant's alleged failure to provide him with cleaning supplies. Further, although the plaintiff has provided three sworn statements from co-inmates in support of his claim, there is no reference in these statements to there being any overflowing human waste or any resulting smell. These statements refer only to "water" from under the toilet pooling or puddling on the floor of the plaintiff's cell. In addition, these statements contradict the plaintiff's assertion that he was not provided with cleaning supplies and assert instead that, in addition to jumpsuits provided to the plaintiff to absorb the leaking water, he was provided with bleach or soap on scheduled cell-cleaning days, which the statements identify as occurring two or three times per week.

In contrast, the only evidence in this case that support's the plaintiff's claim that he was exposed to overflowing human waste is his own self-serving and inherently unreliable allegation to this effect. This evidence, however, amounts to no more than a mere scintilla of evidence, which is "simply insufficient to create a genuine dispute of material fact to get past summary judgment." See Athas v. Bowles, 48 F.3d 529 (5th Cir. 1995) (upholding grant of summary judgment to defendant on claim of water leaking from toilet where inmate "did not attach any documents regarding his claim of unrepaired plumbing and standing water" and where inmate's supporting affidavit regarding same was "just a regurgitation of the bald allegations of his complaint," which allegations were "not converted into 'evidence' merely because they [were] recited in an affidavit"); Davis v. St. Charles Parish Corr. Center, 2010 WL 890980 (E.D. La., Mar. 8, 2010) (dismissing as frivolous claim of exposure to leaking toilets and noting that "'[l]eaky toilets and puddles are unpleasant by not unconstitutional'"). See also Sanchez v. Edwards, 433 Fed.Appx. 272 (5th Cir. 2011) (upholding summary judgment where plaintiff's only supporting evidence was "inconsistent and contradicted");

Cannon v. Lupau, 2011 WL 1232146 (S.D. Tex., March 31, 2011) (finding plaintiff's "contradictory factual allegations ... insufficient to raise a genuine issue of material fact"). Accordingly, inasmuch as the plaintiff's evidence is so weak, tenuous and contradictory on the issue of exposure to human waste, this evidence would not support a judgment in favor of the plaintiff in connection with this issue. Little v. Liquid Air Corp., supra. Summary judgment should therefore be granted in favor of the defendant.

Finally, the Court notes that the defendant has submitted copies of daily maintenance records at LSP in support of his motion for summary judgment, which records reflect no significant plumbing problems on the plaintiff's cell tier during the relevant two-month period.[1] These records reflect that maintenance personnel undertook daily inspections of the plaintiff's cell tier and made contemporaneous notations regarding any problems observed on the tier. These records reflect that plumbing problems were noted on only two occasions during the period complained of by the plaintiff. Specifically, the daily form of November 30, 2009, notes that the plaintiff's toilet and another inmate's toilet were leaking, and this condition was "reported to maintenance" on the same date. A further notation on that daily form reflects that the plaintiff's toilet was "fixed", although it is not clear whether this notation was made on that date or on a later date. There is no other notation in the daily maintenance forms relative to any plumbing problem in the plaintiff's cell, either

---

[1] The daily maintenance records were produced by the defendant under seal because of concerns by prison officials that the information contained therein "could be used to develop patterns of activity" or "to plan activities prohibited by the institution such as escapes, attacks on other inmates, etc." Although these documents have not been provided to the plaintiff, the Court has nonetheless adequately protected the plaintiff's due process interests by its in camera review of the confidential materials and by its impartial and unbiased recitation of the contents thereof. See Martinez v. True, 128 Fed.Appx. 714 (10th Cir. 2005) (finding no fundamental unfairness where district court reviewed confidential prison documents which had been submitted by defendants under seal in support of summary judgment); Queen v. United States, 2008 WL 2783274 (D. Kan., July 17, 2008) ("On a motion for summary judgment, the Court can consider confidential or other protected information which defendant has submitted under seal and in camera"); Martinez v. Cathey, 2006 WL 224400 (N.D. Cal., Jan. 30, 2006) (holding that district court's in camera review of confidential documents submitted under seal adequately protects plaintiff's due process rights). In any event, these documents are not critical to the Court's decision in this case, notwithstanding that the Court has reviewed same and finds them to fully support the defendant's motion.

independently observed by reporting officers or noted to have been reported by the plaintiff, until January 18, 2010, one day prior to his fall, on which date it was noted that the plaintiff was "complaining about his toilet leaking", specifically that the toilet was "leaking at bottom." There is no suggestion in these records, however, that the leaks referenced on these two dates were anything more than mere water leaking from the base of the toilet. Specifically, there is no suggestion that any human waste was accumulating on the floor of the plaintiff's cell or was "overflowing" from the toilet as is now alleged. These contemporaneous records, written by security officers who are not named as defendants in this proceeding and who had no incentive to falsify the records at the time – prior to any injury, grievance or lawsuit filed by the plaintiff – provide persuasive evidence that the leaking in the plaintiff's cell was not as pervasive as he now asserts. Accordingly, these records provide additional support for the grant of the defendant's motion.

## RECOMMENDATION

It is recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 45, be denied, and that the Motion for summary Judgment of defendant Troy Poret, rec.doc.no. 50, be granted, dismissing the plaintiff's remaining claims asserted against this defendant, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 23, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**